**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KINON SURFACE DESIGN, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 19 C 7736 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| HYATT INTERNATIONAL CORP., | ) | |
| HYATT INTERNATIONAL TECHNICAL | ) | |
| SERVICES, INC., HYATT OF CHINA, LTD., | ) | |
| HYATT INTERNATIONAL HOTEL | ) | |
| MANAGEMENT (BEIJING) CO., LTD., and | ) | |
| CHINA RESOURCES (DALIAN) CO., LTD., | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

Kinon Surface Design ("Kinon") is a Florida corporation that designs decorative panels for placement in hotels, residences, retail establishments, offices, and the like. In 2010, an interior design firm working on the soon-to-be-constructed Grand Hyatt Dalian (the "Hotel") in China purchased two panels from Kinon for use as sample headboards for the Hotel. The design company then sought a quote for Kinon to supply headboards for all the guestrooms in the new Hotel, but the parties could not come to an agreement. Years later, Kinon discovered that all guestrooms in the Hotel were outfitted with headboards identical to the two panels that the design firm had purchased. Believing that these headboards were copies of its copyrighted designs, Kinon filed a series of lawsuits alleging violations of U.S. and Chinese copyright law.

The first of these cases, "*Kinon I,*" 18 CV 81065, which Kinon brought against Hyatt Corporation for copyright infringement in the Southern District of Florida, resulted in a jury verdict of no liability. Kinon then filed and voluntarily dismissed the second case ("*Kinon II*"), which it brought in the Southern District of Florida against several travel websites, China Resources, Hyatt

International Corporation ("HIC"), Hyatt International Technical Services ("HITS"), Hyatt of China ("HOC"), and Hyatt International Hotel Management ("HIHM") for the same alleged infringement. In the instant case, Kinon alleges copyright infringement against HIC, HITS, HOC, and HIHM (collectively, the "Hyatt Defendants") as well as China Resources.

The Hyatt Defendants now move to dismiss the claims against them on the grounds that (1) issue preclusion and judicial estoppel bar this action; (2) the Court lacks subject matter jurisdiction; (3) the Court lacks personal jurisdiction over HOC and HIHM; (4) the suit is time-barred under the Copyright Act's limitations period; and (5) the common-law doctrine of forum *non conveniens* dictates that this case should be tried in China, not the United States. China Resources also moves to dismiss because (1) the Court lacks personal jurisdiction over it; (2) Kinon did not properly effect service on it; and (3) pursuant to the doctrine of forum *non conveniens*, China is a more appropriate forum for this litigation. For the reasons set forth below, the Hyatt Defendants' Motion to Dismiss (Dkt. 59) is granted in part and denied in part, and China Resources' Motion to Dismiss (Dkt. 66) is granted

## BACKGROUND

### I.     The Work

Richard Satz is the founder and President of Kinon. (Dkt. 1 ¶ 8.) He created the proprietary and patented resin and manufacturing process that Kinon uses to manufacture its panels. (*Id.*) Kinon designs are protected by copyright. (*Id.*)

In or about 2010, a Singapore-based interior design firm, LTW Designworks, contacted Kinon concerning the construction of the Hotel in Dalian, China. (*Id.* ¶¶ 25–26.) Kinon proceeded to work with LTW to design what would become the Work for use as headboards in the Hotel's guestrooms. (*Id.* ¶¶ 28, 35.) LTW then procured two sheets of the Work for use in the mock-up

rooms constructed for the purpose of evaluating interior designs specified for the Hotel. (*Id.* ¶ 37.) China Resources was the purchaser of the two sheets. (Dkt. 1 ¶ 38.) China Resources proceeded to install the two sheets in the mock-up rooms set up in trailers on the construction site. (*Id.* ¶ 39.)

On July 21, 2011, Satz and Michael Weiner, Kinon's Vice President of Sales, traveled to Dalian at Kinon's expense to meet with Zhang Wei, the individual in charge of the Hotel's construction. (*Id.* ¶ 41.) Wei requested an estimate for 750 panels. (*Id.* ¶ 43.) Kinon provided an estimate in the amount of $1,749,180. (*Id.* ¶ 47.) Wei then requested a lower price and Kinon offered a final estimate of $1,592,900. (*Id.* ¶ 49.) LTW later informed Kinon that it had chosen to source less expensive materials for the Hotel's headboards. (Dkt. 1 ¶ 51.)

Years later, in 2016, Satz visited the Hotel's website at www.dalian.grand.hyatt.com/en/hotel to see if he could discern what headboards the Hotel had chosen. (*Id.* ¶ 52.) While visiting the site, Satz noticed that the photographs advertising the rooms appeared to show the Work being used as headboards in the guest rooms. (*Id.* ¶ 53.) Unsure whether these photos were from the mock-up rooms for which Kinon provided the sample boards, he searched for photos of the Hotel posted by visitors on tripadvisor.com. (*Id.* ¶ 55.) In early 2018, he began to notice visitors posting pictures of guest rooms on various travel websites that depicted the Work as headboards. (*Id.* ¶ 57.)

China Resources, with the knowledge and consent of the Hyatt Defendants, took the two samples of the Work that Kinon sold to China Resources and used them to produce a cheaper version of the same design. (*Id.* ¶ 59.) HIC contracted a photographer to take photos of the Work and distribute them on its website to promote the Hotel's business around the world. (*Id.* ¶ 61.) None of the Hyatt entities have ever been licensed to copy, distribute, or display the Work. (*Id.* ¶ 64.)

## II.     Defendants' Agreements

The Defendants have each entered into a variety of agreements with one another. Pursuant to agreements with HOC, HIHM, and HITS, China Resources granted those three entities the right and ability to supervise and control China Resources' activities concerning the Grand Hyatt Dalian. (Dkt. 1 ¶ 76–78.) Those three entities also received a direct financial interest in China Resources' activities concerning the Hotel. (*Id.*) HOC's Agreement also gave HOC the exclusive right to determine the form and presentation related to Hyatt names in marks related to the Hotel. (*Id.* ¶ 76.) The HIHM Agreement also gave HIHM the duty to oversee design recommendations and the design of the mock-up rooms. (*Id.* ¶ 77.) The HITS Agreement gave HITS the right to review and approve specifications for "carpeting, wall coverings, fabrics, etc." (*Id.* ¶ 78.) Finally, China Resources and HIC entered into the Trademark Agreement whereby China Resources granted HIC the right to supervise and control China Resources' use of HIC's trademarks in connection with the Hotel as well as a direct financial interest in the trademarks' usage. (*Id.* ¶ 79.)

HIC also entered into the Photograph Agreement with photographer Geoff Lung whereby HIC obtained a worldwide perpetual license to use photographs taken by Lung of the Hotel in all media for all purposes. (Dkt. 1 ¶ 81.)

Kinon owns a valid copyright in the Work and has registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). (*Id.* ¶¶ 87–88.) Kinon also owns a copyright of the Work under Chinese Copyright Law. (*Id.* ¶ 130.)

## III.     *Kinon I*

*Kinon I*, the case brought against Hyatt Corporation in the Southern District of Florida, went to a jury trial. Using a special verdict form, the jury made, *inter alia*, the following determinations by the preponderance of the evidence. First, Kinon is the entity that "actually

4

created or owns [the Work]." (Dkt. 34-1 at p. 1.) Second, the Work was original to its author and it possess at least a minimal degree of creativity. (*Id.* at p. 2.) Third, Kinon registered the Work with the United States Copyright Office on January 1, 2015. (*Id.*) Fourth, Hyatt Corporation did not copy Kinon's work. (*Id.* at p. 3.) Fifth, Hyatt Corporation did not have access to the Work. (*Id.*) Sixth, the photos that appeared on hyatt.com are strikingly similar to the Work such that the similarity was unlikely to occur unless there was copying. (*Id.* at p. 4.) Seventh, the jury did not find that the accused photos on hyatt.com were independently created nor that they were not copied—the logical inference being that they were not independently created and were copied. (Dkt. 34-1 at p. 4.) Eighth, the Work has no intrinsic, functional use beyond displaying the appearance of the Work or conveying useful information. (*Id.*) Ninth, Kinon suffered a loss, but Hyatt Corporation did not cause the loss. (*Id.* at p. 5.)

## DISCUSSION

### I.    Issue Preclusion

The Hyatt Defendants first move to dismiss on the grounds that the issue of infringement related to the posting of pictures on hyatt.com was already litigated in *Kinon I* such that issue preclusion bars this action. Following the verdict in *Kinon I*, Kinon filed *Kinon II*, which is substantially similar to the instant action. HIC and HITS are both headquartered in Illinois and it appeared they could defeat personal jurisdiction in Florida, so Kinon dismissed *Kinon II* without prejudice.

In order to successfully invoke issue preclusion, the Hyatt Defendants must demonstrate that: (1) the issue sought to be precluded is the same as an issue in *Kinon I*, (2) the issue must have been actually litigated in *Kinon I*, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom issue preclusion is invoked must have been

fully represented in the prior action. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Issue preclusion does not apply in this case because the issues sought to be litigated are not the same. Namely, the issue in *Kinon I* was whether Hyatt Corporation infringed Kinon's copyright by posting images of the Work on hyatt.com. The issue in the instant action is whether the Hyatt Defendants, none of which were defendants in *Kinon I*, infringed Kinon's copyright by posting the images to hyatt.com. The jury's verdict form makes clear that it correctly understood those to be separate questions because it found that Hyatt Corporation did not copy the Work, but that the Work had indeed been copied and Kinon had been injured by that copying.

The principal issue before the jury in *Kinon I* was whether Hyatt Corporation infringed Kinon's copyright. That is not a question in the instant action. Issue preclusion does not, therefore, bar this action against the Hyatt Defendants.

## II.     Judicial Estoppel

The Hyatt Defendants contend that the doctrine of judicial estoppel bars the claims against them because this action is premised on a theory of liability that is inherently contradictory to the theory Kinon advanced in *Kinon I*. Judicial estoppel is a common-law doctrine that prohibits a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The doctrine makes litigants "'choose one position irrevocably,'" thereby "'rais[ing] the cost of lying.'" *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (quoting *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993)). Courts invoke the doctrine at their discretion, and the "circumstances under which [it] may be invoked are probably not reducible to any general formulation of principle." *Id.* at 743. Courts consider several factors to determine whether applying judicial estoppel is appropriate. First, the party's later position must be "clearly inconsistent" with

its previous position. *New Hampshire*, 532 U.S. at 750; *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999). Second, courts consider whether the party succeeded in persuading a court to accept its earlier position, "so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *New Hampshire*, 532 U.S. at 750 (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982)). Third, courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750. Finally, judicial estoppel only applies where the plaintiff's inconsistent positions indicate a subjective intent to deceive. *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014).

In *Kinon I*, Kinon alleged that Hyatt Corporation was responsible for the dissemination of images of the work on hyatt.com. *See Kinon Surface Design, Inc. v. Hyatt Corporation*, 18 CV 81065, Dkt. 33 at p. 7 (S.D. Fla. Jan. 29, 2019). In the instant action, Kinon alleges that the Hyatt Defendants are responsible for that same dissemination. These are plainly inconsistent positions, but the inconsistency does not give the impression that the earlier court was misled. Nor does this inconsistency enable Kinon to derive an unfair advantage, nor does it impose a detriment on the Hyatt Defendants. It also does not suggest that Kinon intended to deceive either court. Indeed, the first court was not misled, as evidenced by the jury's defense verdict. Having to litigate infringement of its copyrighted design for a third time does not suggest that Kinon has derived some advantage; instead, Kinon has had to endure years of costly litigation. Litigation of this action does not impose an unfair detriment on the Hyatt Defendants because they are, as they say, entirely distinct entities from the defendant in *Kinon I*. Finally, this is unlike a case where a debtor in bankruptcy fails to disclose a cause of action to the bankruptcy trustee, obtains the benefit of the

discharge of debts, and then attempts to bring an action that should have belonged to the trustee. In such a case, there is a clear motive to deceive. Here, by contrast, Kinon has no motivation to deceive the Court because having to again litigate whether someone infringed its copyright is an expense that nobody would wish to incur. Judicial estoppel does not bar this action.

## III.    Subject Matter Jurisdiction

The Hyatt Defendants next move to dismiss on the grounds that U.S. courts have no jurisdiction over extraterritorial acts of infringement. Of course, the act of actually using the copyrighted design in the guestrooms is an extraterritorial act over which this Court would lack jurisdiction.[1] *See Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1528 (2017) (explaining that copyright protections have no extraterritorial effect). But the relevant act of infringement alleged in this action against the Hyatt Defendants is the distribution of images of the Work, without Kinon's authorization, on the Hotel's website to people viewing those images in the United States. (Dkt. 1 ¶¶ 90, 96, 105, 114, 123); *c.f.* 17 U.S.C. §§ 101, 107 (granting copyright holders the exclusive right to "display" the copyrighted work, "display" meaning, *inter alia*, to show a copy on a device). The Hyatt Defendants protest this interpretation on the grounds that the testimony in the *Kinon I* trial elucidated that Hyatt Corporation, not the Hyatt Defendants, own the hyatt.com website on which the photos were posted. This argument misses the mark because Stephanie Jean-Jacques, in-house counsel for the Hyatt Corporation, testified at trial that although Hyatt Corporation owns the website, "in terms of the entity that actually manages the property site for international hotels, that's a separate entity, that's a Hyatt international subsidiary. So while Hyatt Corporation is the entity that owns the domain name for hyatt.com, it

---

[1] As explained below, the Court lacks personal jurisdiction over China Resources. Although China Resources did not move to dismiss on subject matter jurisdiction grounds, the Court notes *sua sponte* that the only infringement alleged against China Resources is extraterritorial. Therefore, the Court also lacks subject matter jurisdiction over the claims against China Resources.

works in conjunction with subsidiaries, and there are—there is Hyatt International subsidiary [sic] that actually is in charge for updating this particular property site." *Kinon I*, Dkt. 154-2 at p. 13. Assuming the truth of Ms. Jean-Jacques's testimony, the Hyatt Defendants can be held liable for the allegedly unauthorized dissemination of the photographs of the Work in the United States via hyatt.com.

Kinon also seeks to hold HIC and HITS vicariously liable for China Resources' copying of the Work. As explained above, China Resources committed this alleged infringement in China, so the Court lacks jurisdiction to adjudicate that claim. Kinon suggests that HIC and HITS could still be vicariously liable for that foreign act of infringement via the predicate act doctrine. *See Motorola Solutions, Inc. v. Hytera Commc'ns., Corp.*, 436 F. Supp. 3d 1150, 1168 (N.D. Ill. Jan. 31, 2020) (The predicate act doctrine provides that "if an infringing act occurred within the United States, then the plaintiff may recover for foreign violations that are directly linked to the domestic infringement.") The Seventh Circuit has not explicitly adopted the predicate act doctrine. *Id.* Even assuming that the predicate act doctrine applies in this Court, it does not apply to this case because China Resources' foreign infringement is the predicate to the Hyatt Defendants' alleged domestic infringement, not the other way around. Thus, the Court lacks subject matter jurisdiction over the alleged vicarious foreign infringement by the Hyatt Defendants.

## IV. Personal Jurisdiction

HOC, HIHM, and China Resources contend that this Court lacks personal jurisdiction over them. HOC is a Hong Kong entity with its principal place of business in Hong Kong. (Dkt. 1 ¶ 19.) HIHM is a Chinese entity with its principal place of business in Beijing, China. (*Id.* ¶ 20.) China Resources is a Chinese company with its principal place of business in Dalian, China. (*Id.* ¶ 24.) None of these entities are "at home" in Illinois, so they are not subject to general jurisdiction in

this Court. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (explaining that a court can assert general jurisdiction over entities that are "at home" in the forum state).

The only possible basis for personal jurisdiction as to HOC, HIHM, and China Resources is specific jurisdiction. Specific jurisdiction exists where a defendant has "'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The requisite minimum contacts exist where there is a relationship among the defendant, the forum, and the litigation. *Id.* at 283–84. The defendant must create that relationship itself and the relationship must be with the forum state itself, not persons who live in the state. *Id.* at 284–85 ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.")*; see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (Specific jurisdiction exists where (1) "the defendant has purposefully directed its activities at the forum state or purposefully availed himself of the privilege of conducting business in that state," (2) "the alleged injury arises out of the defendant's forum-related activities," and (3) "[t]he exercise of jurisdiction [ ] comport[s] with traditional notions of fair play and substantial justice.").

The Complaint alleges that the Hyatt international entities, which include HOC and HIHM, posted images on the Hotel's website of the Work. These images were then accessible to individuals in Illinois. This is not enough to establish adequate minimum contacts as to HOC and HIHM. Posting copyrighted images on a website only establishes personal jurisdiction in Illinois if the poster intended to target residents of Illinois. See *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). That customers might access the website in the forum state is not enough to establish jurisdiction; the question is whether the defendants "in some way targeted residents of a specific state" or otherwise "formed a contact with

the forum state." *Id.*; *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if the site is 'interactive.'") "[T]he operation of an interactive website does not show that the defendant has formed a contact with the forum state. And without the defendant's creating a sufficient connection (or 'minimum contact') with the forum state itself, personal jurisdiction is not proper." *Id.* at 803. Under *Advanced Tactical*, this Court has no basis for exercising personal jurisdiction over HOC and HIHM because all they did is operate a website; they did not direct their activities toward Illinois.

Kinon also suggests that because other Hyatt entities are based in Illinois, HOC and HIHM would have understood that by posting the images online they would have some outsized effect in Illinois as compared to any other jurisdiction around the world. This is a losing argument. Neither HOC nor HIHM have any particular affiliation with Illinois and potential Hotel customers do not predominately reside in Illinois such that HOC and HIHM would have targeted Illinois residents. That other Hyatt entities are based in Illinois does not indicate that HOC and HIHM directed their activities to Illinois.

Personal jurisdiction is even more plainly lacking as to China Resources. All of HOC's allegedly infringing activities took place in China. That is, China Resources allegedly procured knock-off versions of the Work to use in the Hotel. It is undisputed that this happened in China, not in Illinois. That China Resources contracted with Illinois-based entities is conduct that is unrelated to the issues of this litigation—namely, the copyright infringement alleged by Kinon. Kinon has failed to identify any contacts with Illinois that would plausibly create personal jurisdiction. Subjecting China Resources to personal jurisdiction on these facts would offend

traditional notions of fair play and substantial justice. Accordingly, the Court dismisses China Resources from this case for lack of personal jurisdiction. This issue is dispositive, so the Court does not reach China Resources' argument about service of process.

## V.     Statute of Limitations

The remaining defendants, HIC and HITS, move to dismiss on the grounds that this action is time-barred under the three-year limitations period provided by the Copyright Act. A defendant is permitted to raise a statute of limitations defense at the motion to dismiss stage "if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If, however, there is "any set of facts that if proven would establish a defense to the statute of limitations," then the motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

Viewing the allegations of the Complaint in the light most favorable to Kinon, Mr. Satz did not become aware until early 2018 that the images of the headboards appearing in Hotel photos on hyatt.com depicted unauthorized copies of the Work. There is no basis for assuming at this stage that he should have known this sooner as he could have been under the impression that these were images of the mock-up designs that he sold to China Resources, not images of illegal copies of the Work. Kinon filed this lawsuit in November, 2019, well within the limitations period. At this stage of the litigation, dismissal on statute of limitations grounds is not appropriate. HIC and HITS can, if they wish, raise the statute of limitations issue at later stages of the litigation.

## VI.     Forum *Non Conveniens*

Defendants contend that China is the proper forum for this litigation and that the Court should therefore dismiss the case pursuant to the common law doctrine of forum *non conveniens*.

The doctrine of forum *non conveniens* "comes down to this: a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). "When an alternative forum has jurisdiction to hear a case, and when a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court, the court may dismiss the case." *Id.* Provided that an adequate alternative forum exists, courts consider a variety of public and private factors in determining whether to apply the doctrine. The private factors include, *inter alia*, the relative ease of access to sources of proof, availability of compulsory process, and the cost of obtaining willing witnesses. *Id.* at 803. The public factors include, *inter alia*, the administrative difficulties stemming from court congestion and the avoidance of unnecessary conflicts of law or the application of foreign law. *Id.* "A defendant invoking forum *non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430 (2007).

Now that China Resources is not a defendant in this action, the remaining claims pertain to the alleged dissemination of images of the Work on hyatt.com by Illinois-based entities. An entire case pertaining to website-based infringement has already been litigated in the United States. That fact makes clear that this issue is capable of resolution in the United States without any vexation or oppression. Indeed, Kinon reports that most of the witnesses who would testify at trial are here in Chicago. (Dkt. 71 at p. 38.) The Hyatt Defendants note this case may require the Court to apply Chinese law, which it cites as an administrative and legal entanglement. But if this case were instead filed in a Chinese court, that court would have to apply American law because the Complaint seeks relief under U.S. and Chinese copyright law. Both forums would have to deal

equally with the complication of applying foreign law. The Hyatt Defendants also note that the docket in this Court is congested and Chinese courts apparently adjudicate claims of this nature more quickly than American courts. But requiring the plaintiffs to refile this case in China would certainly add cost and take more time. On these facts, the Hyatt Defendants have not met the high burden required to invoke forum *non conveniens*.

## CONCLUSION

The Hyatt Defendants' Motion to Dismiss [59] is granted in part and denied in part. The claims against Hyatt of China and Hyatt International Hotel Management are dismissed without prejudice for lack of personal jurisdiction. The Motion is denied as to Defendants Hyatt International Corporation and Hyatt International Technical Services, except to the extent that the alleged injury is a foreign act of infringement.

China Resources' Motion to Dismiss [66] is granted for lack of personal jurisdiction. The claims against China Resources are dismissed without prejudice.

Virginia M. Kendall
United States District Judge

Date: December 4, 2020