IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KINON SURFACE DESIGN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 19 C 7736 |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **HYATT INTERNATIONAL CORP.,** *et al.*, | ) ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**A.**

On April 23, 2021, defendants, Hyatt International Corporation and Hyatt International Technical Services, Inc. filed a Motion for a Protective Order (which is based, in the main, on previous litigation between the parties) stating that:

> (i) Plaintiff's discovery be limited to only new relevant information within the Defendants' sole possession that is uncovered (albeit likely "very little" given what due diligence was conducted already in *Kinon I*);
>
> (ii) that Defendants not be forced to disclose the same deposition witnesses on the same prior deposition topics (or asked about the same prior deposition topics) in *Kinon I*; and
>
> (iii) that Plaintiff be precluded from relying upon "bookings" related revenue in *Kinon I*, including soliciting deposition testimony again.[1]

The motion was briefed, and Judge Kendall conducted an oral argument on the motion on July 21, 2021, and then referred the motion to me that day. [Dkt. ##111, 112]. For the following reasons, the motion [Dkt. #95] is denied.

---

[1] Defendants have not submitted any draft of a proposed protective order to the court.

**B.**

As the party seeking the protective order, Defendants have the burden of showing "good cause" for its entry. *Kosek v. Ethicon, Inc.*, 2020 WL 6203310, at *2 (N.D. Ill. 2020); *In re Watts Coordinated Pretrial Proc.*, 2020 WL 7398789, at *3 (N.D. Ill. 17, 2020); *ED&F Capital Markets Ltd. v. JVMC Holdings Corp.*, 335 F.R.D. 174, 177 (N.D. Ill. 2020). Notably, to show good cause, the movant must submit "a particular and specific demonstration of fact." *Flores v. Bd. of Trustees of Comm. College Dist. No. 508*, 2015 WL 7293510, at *3 (N.D. Ill. 2015). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient." *In re Watts Coordinated Pretrial Proc.*, 2020 WL 7398789, at *3. Federal Rule of Civil Procedure 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Taylor v. Cook Cty. Sheriff's Off.*, 2019 WL 4415765, at *9 (N.D. Ill. 2019). *Accord Gordon v. Countryside Nursing & Rehab. Ctr.*, LLC, 2012 WL 2905607, at *2 (N.D. Ill. 2012). The parties' present dispute, as is, is no candidate for the protective order the defendants want entered.

If you aren't enamored with or somehow invested in wavy olive-green lines on a white background, read no further because that is what this case – and two others – is about. Plaintiff's president, Richard Satz, came up with the pattern – and the process to make similar patterns – and plaintiff uses it in a variety of applications in interior design. In this instance, the application was for panels to be used for headboards in hotel rooms at the Grand Hyatt Hotel in Dalian, China. Way back in 2011, plaintiff sold two sample panels to China Resources, the owner of the Grand Hyatt Hotel, for, $4650 each. Mr. Satz and the representative from China Resources were unable to reach a deal for the hotel to use the panels, but Mr. Satz saw photos of what he thought were identical

Case: 1:19-cv-07736 Document #: 119 Filed: 08/10/21 Page 3 of 8 PageID #:2019

patterns on headboards in the hotel on the hotel's website – and other travel websites about the hotel – in 2018. *See, generally, Kinon Surface Design, Inc. v. Hyatt Corp.*, 2019 WL 4731655, at *1 (S.D. Fla. 2019). And that launched three copyright infringement lawsuits, the first two in the Southern District of Florida and third one here.

Plaintiff brought the first lawsuit against Hyatt Corporation, and it culminated in a jury trial wherein the jury determined, in pertinent part, that although plaintiff had an enforceable copyright and had suffered a loss, Hyatt Corporation was not responsible for that loss. Plaintiff brought the second copyright infringement suit against several other Hyatt entities: Hyatt International Corporation ("HIC"), Hyatt International Technical Services, Inc. ("HITS"), Hyatt of China Limited ("HCL"), and Hyatt International Hotel Management (Beijing) Co. ("HIHM"). *See Kinon Surface Design, Inc. v. Hyatt Int'l Corp.*, 2019 WL 8989596, at *1 (S.D. Fla. 2019). Plaintiff voluntarily dismissed that suit, and filed suit here against HIC, HITS, Hyatt of China ("HOC"), and HIHM, as well as China Resources. *Kinon Surface Design, Inc. v. Hyatt Int'l Corp.*, 2020 WL 7123068, at *1 (N.D. Ill. 2020). And here we are, again, in a different court, with the same plaintiff and – if not the same defendants – then related ones, arguing once more over that pattern of wavy olive-green lines

It is thus not surprising that, as the defendant complains, much of the discovery sought in this case doubles back over the prior lawsuit. And it does raise the question: why doesn't plaintiff simply make use of the discovery from that case instead of retracing steps here? But, as it happens, the parties agreed to a confidentiality order in the previous case, which precluded plaintiff from employing discovery obtained in the previous case in other litigation. It provides:

> Designated Materials shall be used solely for purposes of, and in connection with, this Lawsuit and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial

purpose.

[Dkt. #102-1, at 4]. The plaintiff claims that it tried to reach an agreement with defendants regarding the use of the previous discovery in the current litigation, but defendants refused. Defendants don't bother to address this point in their response, other than to say they don't understand it. [Dkt. #103, at 3]. Yet, it is perfectly clear. Defendants can either work it out, or they will have to revisit trampled ground. In either case, they have not made a showing of "good cause" for a protective order.

The remainder of the defendants' motion is a sort of rambling complaint about the breadth of the plaintiff's discovery requests. Some have no time limits. Some appear not to be relevant. And so on. The plaintiff's response brief is no better; it doesn't address any of those complaints. Whatever the parties did over the telephone on April 23rd, they did not meet and confer *in good faith* as Local Rule 37.2 requires.

In addition to the defendants' failure to respond to the plaintiff's offer to compromise and reach an agreement regarding the discovery from the previous case, the parties – as can best be gleaned from the defendants' motion – have left 27 document requests, 6 interrogatories, and 10 30(b)(6) deposition topics on the table. It's unclear how many of those can be remedied by a rational agreement regarding the discovery in the previous case due to the manner in which the parties have gone about presenting their disputes to the court. But suffice it to say, given what's left to do, a brief phone call the day a party is filing a discovery motion is not negotiating in *good faith*. *See, e.g., Chicago Regal Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other,

is not a good faith discussion."); *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("...adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2.").

One example – and it is an example that cuts both ways – will show how far the parties are from adequately focusing their battles in order to bring them in a crystalized form to the court for resolution. The defendants rely on the evidentiary ruling from the previous trial regarding the *admissibility* of "bookings" revenue evidence to argue that it is not discoverable. But, clearly, it was discoverable *in the previous case* or it would not have been submitted as a potential trial exhibit. The defendants' argument ignores the fundamental principle that evidence does not have to be admissible to be discoverable. *E.E.O.C. v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 639 F.3d 366, 369 (7th Cir. 2011); *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004). That being said, plaintiff makes no attempt in its response brief to explain how bookings revenue information *is* relevant. And "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918). *See also Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3rd Cir. 2020)("But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here.").

Relevance is not presumed. As the Supreme Court and the Seventh Circuit have cautioned "[f]ailure to exercise [control over what is and is not relevant] results in needless and enormous costs

5

to the litigants and to the due administration of justice." *Art Akiane LLC. v. Art & Soulworks LLC*, 2020 WL 5593242, at *5 (N.D. Ill. 2020). *See* cases collected in *Sapia v. Bd. of Educ. of the City of Chicago*, 2017 WL 2060344 at *2 (N.D. Ill. 2017). And they have emphasized that the core requirement of Rule 26(b)(1) that non-privileged material sought in discovery must be "relevant" should be firmly applied. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). *Accord Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008); *Gonzalez v. Nat'l Broadcasting Co., Inc.*, 155 F.3d 618, 626 (2nd Cir. 1998); *Jett v. Warrentech Corp.*, 2020 WL 3104673, *2 (S.D. Ill. 2020); *Gray v. Acadia Healthcare Co., Inc.*, 2020 WL 4876855, *2 (E.D. Ok. 2020); *PolyOne Corp. v. Lu,* 2017 WL 2653130, *1 (N.D. Ill. 2017).

In short, there is a good deal of work to be done. As counsel meet and confer in the "good faith" required by the Local Rules, there are some precepts that should guide their discussions and prevent them from simply maintaining untenable positions and refusing to budge. Unsupported, unamplified, boilerplate objections, like "overly broad" or "unduly burdensome" will not be countenanced; they are tantamount to making no objections at all. *See, e.g., Vera Bradley Designs, Inc. v. Aixin Li*, 2021 WL 780718, at *3 (N.D. Ill. 2021); *Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at *1 (N.D. Ill. 2020); *Gevas v. Dunlop*, 2020 WL 814875, at *1 (N.D. Ill. 2020); *Harris Davis Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Tr. Fund*, 2019 WL 454324, at *4 (N.D. Ill. 2019); *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2017 WL 5890923, at *2 (N.D. Ill. 2017); *Kaufman v. American Express Travel Related Servs. Co., Inc.*, 2011 WL 13262362, at *3 (N.D. Ill. 2011). The same will hold true to unamplified and unexplained objections that a request is not proportional to the needs of the case. Such a request falls within the category of other "boilerplate" objections and will be disregarded.

Discovery requests that are temporally unlimited – and a number of plaintiff's are – are unacceptable. *See Art Akiane LLC. v. Art & SoulWorks LLC*, 2020 WL 6509228, at *3 (N.D. Ill. 2020); *Art Akiane LLC. v. Art & SoulWorks LLC*, 2020 WL 5604064, at *2 (N.D. Ill. 2020). Back-and-forth unsupported squabbles or charges as to whether a party has a document or not are also unacceptable: there is an accepted way to go about such disputes. *See Metcalf v. Ross*, 2021 WL 1577799, at *2 (N.D. Ill. 2021); *Steffan v. Cook Cty. Sheriff*, 2020 WL 7353411, at *1 (N.D. Ill. 2020). Again, merely insisting that there is more in a party's possession that has not been turned over is insufficient. Speculation is never a substitute for proof, *United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958), and thus merely insisting that there must be more information than an opponent has produced in discovery will not alone be adequate to find that the discovery responses are, in fact, inadequate. *See discussion in Metcalf v. Ross*, 2021 WL 1577799, at *2–3 (N.D. Ill. 2021). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018).[2]

Once the parties meet and confer in good faith as required by Rule 37.2, if there are still unresolved issues, appropriate discovery motions may follow. But, the parties are reminded that district courts have extremely broad discretion in resolving discovery disputes. *Henyard v. MV Transportation*, 2021 WL 2010837, at *1 (7th Cir. 2021); *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). And discretion connotes a range, not a point. Indeed, in matters of discretion, two decision-makers—on virtually

---

[2] For example, are we to believe, without any support, that someone sees a picture of a hotel room on a website with a headboard done in wavy olive-green lines and says, "I just *have* to stay in a room with one of those head boards"? The court doesn't know, because the plaintiff doesn't say. And it is certainly not self-evident.

identical facts—can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Johnson v. Daley*, 339 F.3d 582, 593-94 (7th Cir. 2003)("[S]ubstantial discretion ... ensures inconsistency.").

Consequently, unresolved disputes over routine matters such as this, with each side refusing to give an inch here or there, necessarily involves the needless taking of often unnecessary risk with unpredictable consequences. Is a discovery response adequate? Is a request overly broad? One judge will say yes, another will say no. Neither judge can be deemed "incorrect." *See Vann-Foreman v. Illinois Cent. R.R. Co.*, 2020 WL 6262361, at *2 (N.D. Ill. 2020); *Generation Brands, LLC v. Decor Selections, LLC*, 2020 WL 6118558, at *5 (N.D. Ill. 2020); *Williams v. Estates of Hyde Park, LLC*, 2020 WL 5702297, at *2 (N.D. Ill. 2020). Given all this, a negotiated outcome will in most cases be more likely to give both sides a mutually satisfactory resolution, than taking the dispute to a court.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/10/21