IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KINON SURFACE DESIGN,** | ) |
| | ) |
| Plaintiff, | ) No. 19 C 7736 |
| | ) |
| v. | ) Magistrate Judge Jeffrey Cole |
| | ) |
| **HYATT INTERNATIONAL CORP.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The parties have filed cross-motions to compel discovery. For the following reasons, the plaintiff's motion [Dkt. #143] is denied and the defendants' motion [Dkt. #145] is granted in part and denied in part. As discovery closes on April 1st [Dkt. #142], plaintiff shall comply with this Order and supplement its answers and response within 30 days.

When parties both have dueling discovery disputes near the end of discovery, it presents a golden opportunity for them to follow Local Rule 37.2, engage in "good faith" negotiating, and work out a compromise that suits both sides. But that did not occur here. As a consequence, resolution of their discovery dispute must be resolved within the vast discretion possessed by courts in resolving discovery disputes like that presented here. *See Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). And discretion, it must be emphasized, denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers – on virtually identical facts – to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *McCleskey v. Kemp*, 4811 U.S .279, 289 (1987). See also *Mejia v. Cook Cty., Ill.*, 650 F.3d 631, 635

(7th Cir. 2011); *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Ledo's Pizza Sys., Inc. v. Ledo's, Inc.*, 2022 WL 159559, at *1 (N.D. Ill. 2022). *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996).

A party that steadfastly maintains its position without budging could be "right," but find itself on the losing side, and properly so, when the matter comes before the court and the court's discretion leads it to accept the other side's "right" position. A negotiated outcome is more likely to give both sides at least a somewhat satisfactory resolution. At least one that does not require judicial intervention, as the Local Rule and the Federal Rules of Civil Procedure envision. *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *2 (N.D. Ill. 2016).

**I.**

First, the plaintiff's motion. It comes near the end of discovery in the third year of this case, which is the third case about plaintiff's (wavy, olive-green line pattern) wall hangings, hanging behind beds in a Chinese hotel 200 miles from North Korea and 6500 miles from the Northern District of Illinois. *Cf.* [Dkt. #1 ¶¶ 29-33]. Plaintiff submitted a third set of document requests to defendants on October 25, 2021; at issue are nineteen of those requests, asking HITS to produce documents and ESI pertaining to different categories related to the architecture and the interior design of the hotel rooms. But with all that at stake – and the fact that plaintiff obviously feels this is extremely important – the parties had only a single Rule 37.2 "meet and confer," months *after* the requests were served, on February 17, 2022. That lone meeting was sufficient for plaintiff, which filed its motion the next day. [Dkt. #143, at 2]. Obviously, the fact that some twenty disputes remain makes the plaintiff's claims of compliance with the Local Rule open to serious question. *See Vera Bradley Designs, Inc.*

*v. Aixin Li*, 2021 WL 1088323, at *1 (N.D. Ill. 2021); *Art Akiane LLC. v. Art & SoulWorks LLC*, 2020 WL 5604064, at *1 (N.D. Ill. 2020)(size of dispute brought to the court is evidence of parties' failure to confer in good faith); *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 308 F. Supp. 3d 954, 958–59 (N.D. Ill. 2018)("Chatting for a bit about a dispute . . . . is not engaging in a good faith meet and confer."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1-2 (N.D. Ill. 2016)("A single phone call in three months regarding a dispute . . . doesn't come close to sufficing."); *Chamberlain Grp. v. Lear Corp.*, 2010 WL 2836975, at *2 (N.D. Ill. 2010)(single face-to-face meeting did not meet the local rule's requirements). Under Local Rule 37.2, by all rights, plaintiff's motion ought not to be considered.

Be that as it may, the plaintiff's motion, itself, begins: "Defendants Hyatt International Corporation ("HIC") and Hyatt International Technical Services, Inc. ("HITS") have repeatedly requested the Court extend the discovery deadline in this matter while not producing any substantive responses." [Dkt. #143, at 1]. But, that is misleading. The requests to extend discovery ignore the fact that they have come in *joint* motions. *See, e.g.,* [Dkt. #135 ("Parties' Joint Motion for a 60 day extension of scheduling Order deadlines 134 is granted. End of Fact Discovery is extended and ordered closed by 1/31/2022."); #134 ("PARTIES' JOINT MOTION FOR A 60-DAY EXTENSION OF SCHEDULING ORDER DEADLINES"); #141 ("Parties' Joint Motion for extension of time to complete Discovery 140 is granted. End of Fact Discovery is extended and ordered closed by 4/1/2022."); #140 ("PARTIES' JOINT MOTION FOR A 60-DAY EXTENSION OF SCHEDULING ORDER DEADLINES")]. (Capitalizations in originals). *Compare Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007)(Easterbrook, J.)(A party "who attempt[s] to deceive federal judges, . . . cannot expect favorable treatment on matters of discretion.").

As already noted, the plaintiff's motion is about documents and ESI pertaining to nineteen different categories related to the architecture and the interior design of the hotel rooms. First, it's difficult to see how these documents are relevant to this case. Relevance is not presumed. *Kinon Surface Design v. Hyatt Int'l Corp.*, 2021 WL 3511312, at *3 (N.D. Ill. 2021). The proponent of a motion to compel discovery bears the initial burden to prove that the information sought is relevant. *Kove IO, Inc. v. Amazon Web Servs., Inc.*, 2021 WL 4516413, at *2 (N.D. Ill. 2021); *PsyBio Therapeutics, Inc. v. Corbin*, 2021 WL 4459527, at *1 (N.D. Ill. 2021); *Belcastro v. United Airlines, Inc.*, 2020 WL 1248343, at *5 (N.D. Ill. 2020); *Eternity Mart, Inc. v. Nature's Sources, LLC*, 2019 WL 6052366, at *2 (N.D. Ill. 2019). Architecture is vastly different than posters or wall hangings. Indeed, plaintiff does not even claim those requests seek relevant information, focusing exclusively on interior design. [Dkt. #143, at 6].

Interior design is easier to accept as a relevant category; but the requests are extremely broad and not in any way limited to what this case is about. What do "back of the house areas" have to do with hotel room headboards? So too restaurant layouts, ballroom, bars, specifications for furniture, carpeting, etc. If plaintiff wanted documents about the defendants' approval process of what wall hanging pattern to use in the hotel rooms in Dalian, China [Dkt. #143, at 5-6], plaintiff could easily have crafted a focused document request instead of the sweepingly broad requests it propounded. Obviously, a court is not – indeed cannot – fix those requests on plaintiff's behalf. Indeed, the court is prohibited from doing so by the very nature of its role in our justice system. *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 2031 (7th Cir. 2021); *Bunn v. FDIC*, 908 F.3d 290, 297 (7th Cir.

4

2018).[1]

Moreover, discovery has to not only be relevant, but "proportional" to the needs of the case, including "the importance of the issues at stake in the action, . . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Generation Brands, LLC v. Decor Selections, LLC*, 2020 WL 6118558, at *4 (N.D. Ill. 2020). Indeed, Chief Justice Roberts' 2015 Year End Report on the Federal Judiciary stressed that the addition of proportionality to Rule 26(b) "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id*. The Chief Justice also stressed that "[t]he key here is careful and realistic assessment of actual need" that may "require the active involvement of...the federal judge who guides decisions respecting the scope of discovery." *United States ex rel Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 259 (3rd Cir. 2016).

Plaintiff has enjoyed months of discovery in what is the third round of litigation over these headboards. From any objective perspective, the concept of proportionality has already been satisfied here. No more will be required.

---

[1] *See also, Chapman v. First Index, Inc*., 2012 WL 13207962, at *4 (N.D. Ill. 2012)("It is not the Court's responsibility to redefine and redraft discovery requests that are obviously overbroad."); *Rotstain v. Trustmark Nat'l Bank*, 2020 WL 6550501, at *7 (N.D. Tex. 2020)(same). *AccordCopeland v. C.A.A.I.R., Inc*., 2020 WL 972754, at *5 (N.D. Okla. 2020); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2019 WL 7496775, at *3 (D. Haw. 2019); *Uni-Sys., LLC v. U.S. Tennis Ass'n*, 2017 WL 4081904, at *5 (E.D.N.Y. 2017); *Hologram USA, Inc. v. Pulse Evolution Corp*., 2015 WL 13238450, at *4 (D. Nev. 2015); *Heim v. BNSF Ry. Co.*, 2014 WL 6949044, at *9 (D. Neb. 2014); *Medicis Pharm. Corp. v. Actavis Mid Atl. LLC*, 282 F.R.D. 395, 398 (D. Del. 2012); *Primm v. Aerofil Tech., Inc*., 2012 WL 13102523, at n.4 (M.D. Fla. 2012); *Cartel Asset Mgmt. v. Ocwen Fin. Corp*., 2010 WL 502721, at *8 (D. Colo. 2010), *Dombach v. Allstate Ins. Co.*, 1998 WL 695998, at *7 (E.D. Pa. 1998).

Finally, defendants say they have searched for responsive, relevant documents and have not found any. They point to a three-year document retention policy. Coupling that with the plaintiff's allegations that the Chinese hotel development company that purchased the headboard samples at issue – and then misappropriated the design – did so back in 2011, *Kinon Surface Design, Inc. v. Hyatt Int'l Corp.*, 2020 WL 7123068, at *2 (N.D. Ill. 2020), defendants' protestations that they have no documents make sense. Plaintiff offers nothing that would suggest otherwise; makes no showing that documents that have been produced permit a reasonable deduction that other documents may exist or did exist." *See Berkeley*IEOR v. Teradata Operations, Inc.*, 2021 WL 4306159, at *1-2 (N.D. Ill. 2021)(collecting cases); *Steffan v. Cook Cty. Sheriff*, 2020 WL 7353411, at *1-2 (N.D. Ill. 2020). Accordingly the plaintiff's motion [Dkt. #143] is denied.

## II.

The defendants' motion concerns plaintiff's responses to eight interrogatories and fifteen requests for production. Unlike the plaintiff's issues, the parties' counsel have been haggling back and forth over these routine matters for months. But they have not gotten anywhere and require, as Judge Kendall has referred to it in another case, hand-holding. *Williams v. Ests. of Hyde Park, LLC*, 2020 WL 5702297, at *1 (N.D. Ill. 2020). In some instances, the parties cannot even agree what responses plaintiffs made to certain document requests. Defendants submit that, given all the time spent attempting to resolve their disputes, the parties have complied, in "good faith," with Local Rule 37.2. But that confuses activity with accomplishment. As with the plaintiff's motion, the fact that so many seemingly petty disputes are left, at this very late date, to the court's broad discretion, suggests the parties have been merely going through the motions. Nevertheless, here are the rulings.

## A.

The defendants' motion is organized in a fashion that makes it somewhat difficult to discern which interrogatories and requests remain at issue. The brief does not attempt to identify the allegedly offending responses until half-way through. At that point, defendants offer two lists of interrogatory responses they supposedly find wanting: HIC's Interrogatories No. 1, 4, 6, 9- 10, and 15-18 and HITS Interrogatories Nos. 1, 3- 4, and 8. But, then, defendants go on to address only about half of those – HIC's Interrogatories Nos. 1, 9 and 10, HIC's Interrogatory Nos. 8, HITS Interrogatory No. 12, HITS Interrogatory Nos. 16-18, and HIC Interrogatory No. 19 – in their arguments. [Dkt. #145, at 7-12]. The interrogatories from the two defendants are sometimes identical, but often are not. Some of the responses defendants do not specifically address seem to match up with defendants' complaints, but others do not. But it is not the court's job to sift through the two sets of interrogatory responses to see which ones match up with the defendants' various general complaints. *See, e.g., United States v. Sineneng-Smith*, _U.S._, 140 S. Ct. 1575, 1579 (2020)(courts "rely on the parties to frame the issues for decision . . . They 'do not, or should not, sally forth each day looking for wrongs to right.'"). *See also Varlen Corp. v. Liberty Mut. Ins*. Co., 924 F.3d 456, 460 (7th Cir. 2019)("[C]ourts do not have to scour the record or make a party's argument for it."); *Craig Therapeutics, Inc. v. Vital Go, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019); *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006)("An advocate's job is to make it easy for the court to rule in his client's favor...."). Consequently, all arguments that ought to have been made and developed, as to any individual interrogatories, but were not, are deemed waived. *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1043 (7th Cir. 2021); *Schaefer v. Universal Scaffolding & Equip.*, LLC, 839 F.3d 599, 607 (7th Cir. 2016). We need only address only those arguments set out and developed in

the defendants' brief.

**B.**

The defendants' motion is granted as to HIC's Interrogatories Nos. 1, 9, 10. Fed.R.Civ.P. 33(d) allows a party to specify its own business records in response to an interrogatory if the burden of deriving or ascertaining the answer will be substantially the same for either party. The exception is limited to business records; a party may not refer to "pleadings, depositions, other documents, or other interrogatories . . . ." *Alight Sols. v. Thomson*, 2021 WL 5038775, at *4 (N.D. Ill. 2021); *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, at *6 (N.D. Ill. 2020); *Ropak Corp. v. Plastican, Inc.*, 2006 WL 1005406, at *4 (N.D. Ill. 2006). It is certainly improper to answer an interrogatory by reference to an entire deposition, without any citation to specific pages. *Alight Sols.*, 2021 WL 5038775, at *4. Defendants are "entitled to discover the factual basis for [plaintiff's] claims through the use of interrogatories, without being referred to ... deposition testimony [or] other discovery materials." *Beijing Choice*, 2020 WL 1701861, at *6.[2]

The defendants' motion is granted as to HIC Interrogatory No. 8. I find that the rejections of other copyright applications for decorative surface designs or patterns are relevant to the defendants' invalidity defense.

Defendants' motion is granted as to HITS Interrogatory No. 12 asking for computation of damages. Reference to documents does not amount to a calculation of damages. It is not an answer,

---

[2] This is an example of how the defendants' brief confuses the issues and interrogatory responses for the court. While the defendant accuses numerous responses as running afoul of Fed. R.Civ.P. 33(d) – that makes no sense. Plaintiff's response to HIC Interrogatory No. 4 is a valid answer, explaining why no two Kinon panels are ever the same. HIC Interrogatory No. 6 asks for a website, and plaintiff's answer provides it. There is no reference to any documents. Yet, defendants have these answers – and others – lumped in with other answers that do reference documents.

but is a device requiring the opposite party to figure out the answer for himself. It is an impermissible and evasive dodge.

Defendants' motion is granted as to HITS Interrogatory No. 16 asking for plaintiff's top five competitors. The interrogatory is simplicity in itself and should not be evaded by yet another reference to documents from an earlier case.

HITS Interrogatories Nos. 17, 18 ask for materials suppliers. Again, plaintiff responds with reference to documents produced in earlier litigation. For the reasons already stated, defendants' motion is granted as to this interrogatory.

Defendants' motion is granted as to HIC Interrogatory No. 19. There is no reason plaintiff should be unable to provide a list of fact witnesses nearly three years into this case. Of course, the fact that a list may have to be augmented does not mean no answer need now be given.

Defendants' motion is denied as to Request Nos. 6, 9, 10, 11, and 12. Defendant concedes that plaintiff has responded with *specific* references to documents already produced and cites to testimony from R. Satz. That is adequate. Defendant makes no showing that documents that have been produced permit a reasonable deduction that other documents may exist or did exist." See *Berkeley\*IEOR*, 2021 WL 4306159, at \*1-2; *Steffan*, 2020 WL 7353411, at \*1-2.

Defendants' motion is denied as granted as to Request No. 16, but granted as to Requests Nos. 22, 36, 37, 40, 46, 47, 48, 50. Plaintiff has provided specific Bates numbers to documents in response to Request No. 16. [Dkt. #150, at 4]. Obviously, then, plaintiff should have realized it must provide *specific* document references for *all* these requests, not just No. 16. Pointing to a document dump from an earlier case is woefully – and obviously – inadequate.

Finally, the defendant asks that the court "specifically reference in the Order that failure to comply with the Order granting the Motion to Compel *will* result in the dismissal of Plaintiff's Complaint." (Emphasis supplied). Dismissal is certainly a possible sanction for disobeying an order under Fed.R.Civ.P. 37(b)(2)(A)(v); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303 Bd. of Educaton*, _F. 4th_, 2022 WL 445155, at *2 (7th Cir. 2022). But we need not assume unfamiliarity with basic rules of procedure. Moreover, as a magistrate judge, I have no authority to dismiss a case as a discovery sanction. That is a matter for the district judge and neither a magistrate judge nor a district judge should threaten something whose outcome is not immediately certain. Dismissal is case dispositive and up to the district court judge and dismissal is not always an appropriate sanction for non-compliance with discovery. *See, e.g, Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011)("Given the severity of the sanction, this court has warned that it will be vigilant in its review of Rule 37 dismissals."). The matter will ultimately be up to Judge Kendall and she may have an entirely different view of the proceedings than the defendants. Consequently, that part of the defendants' motion is denied as well.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/15/22